95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Lee DAVIS, Defendant-Appellant.
 No. 95-5454.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1996.
 
 On Appeal From the United States District Court for the Eastern District of Tennessee, No. 93-00045; James H. Jarvis, Chief Judge.
 E.D.Tenn.
 VACATED.
 Before: ENGEL, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Glenn Davis appeals the sentence imposed after his conviction for conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. He argues that the district court erred in denying his motion to be sentenced under the "safety valve" provision of 18 U.S.C. § 3553(f). Because the district court's findings were not specific enough to allow us to consider whether the denial of the motion was based on evidence with sufficient indicia of reliability, we remand this case for further proceedings.
 
 I.
 
 2
 Davis pled guilty pursuant to a Rule 11 plea agreement. The presentence investigation report set his United States Sentencing Guidelines range at 46 to 57 months. Under 21 U.S.C. § 841(b)(1)(B), however, Davis was subject to a mandatory minimum sentence of 60 months. In the plea agreement, the government promised to bring to the sentencing court's attention the extent of Davis's cooperation and, if in the government's opinion Davis had provided substantial assistance, to move for a reduction below the mandatory minimum sentence. Although Davis assisted the government to some degree, testifying before a grand jury and agreeing to testify against Maria Urbina, one of his coconspirators, the government decided not to file such a motion. Davis himself moved for a reduction below the mandatory minimum, arguing that he had satisfied all the requirements of 18 U.S.C. § 3553(f).
 
 
 3
 The government disputed the applicability of only one of the statutory criteria, § 3553(f)(5), which reads as follows:
 
 
 4
 [T]he court shall impose a sentence pursuant to [the Sentencing Guidelines] without regard to any statutory minimum sentence, if the court finds ... that--
 
 
 5
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 6
 18 U.S.C. § 3553(f)(5). The government attorney told the court at the sentencing hearing that Davis had "not [been] completely candid." Specifically, according to the government, a confidential informant had told the Drug Enforcement Administration (DEA) that Davis had shipped cocaine to an individual in the Knoxville area, which Davis had not mentioned to the government.
 
 
 7
 Davis objected to the government's reliance on this tip and requested the opportunity to cross-examine the informant. The record reveals that the government advised Davis's counsel en camera of the informant's identity. It is not clear from the record, however, what the informant said or whether any evidence about the tip was available to the court. At oral argument, both parties acknowledged the existence of a tape, but they did not agree on whether the tape contained a discussion between Davis and the informant and could not recall whether the district judge had heard the tape. There is no mention of this tape in the transcript of the sentencing hearing.
 
 
 8
 The court held that Davis was not entitled to a reduction under § 3553(f) because he had "withheld information concerning the same course of conduct as has been outlined here by the United States Attorney." The court then sentenced Davis to 60 months' imprisonment, the mandatory minimum.
 
 II.
 
 9
 Davis argues that the district court erred in denying the motion because there was no evidence in the record of the alleged shipment to Knoxville and because the informant was not subjected to cross-examination. The government counters that the district court was correct in denying the motion because Davis failed to meet his burden of proving that he had revealed to the government all he knew about the conspiracy.
 
 
 10
 A defendant seeking a safety valve reduction under § 3553(f) has the burden of proving that he has met the statutory requirements. United States v. Adu, 82 F.3d 119, 123-24 (6th Cir.1996). The government's promise in the plea agreement to notify the court of the extent of Davis's cooperation did not shift this burden. The issue in this case is not whether the agreement was breached, but rather whether Davis satisfied the requirements of § 3553(f). The district court's factual finding that Davis did not satisfy these requirements is subject to review for clear error. Id. at 124.
 
 
 11
 The burden of proving substantial assistance under § 3553(f) can be met only by an "affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." Id. In Adu, we held that the defendant had not met his burden of proof merely by stating at his sentencing hearing that he had given the prosecutors "everything they want," because this conclusory statement was not an affirmative act. Id. Unlike the defendant in Adu, Davis did perform an affirmative act: he assisted the government in the prosecution of others involved in the drug conspiracy. At the sentencing hearing, the government attorney said of Davis:
 
 
 12
 [H]e testified in grand jury, he's submitted himself to numerous debriefings. He is prepared to testify in the trial of Maria Urbina as a witness for the Government.
 
 
 13
 The government correctly notes that a "mere motion" under § 3553(f) does not satisfy a defendant's burden of proof. This case involves more than a mere motion, however. Once Davis affirmatively assisted authorities and stated, in the form of a § 3553(f) motion, that he had disclosed everything he knew, the burden shifted to the government to show why a safety valve reduction was not mandated.
 
 
 14
 The government was required to produce some evidence that Davis had not satisfied § 3553(f)(5). The evidence need not have been admissible at trial. At a sentencing hearing, many of the constitutional rights afforded a defendant at trial are not available. The Sixth Amendment right to cross-examine witnesses, for example, does not apply to sentencing. United States v. Silverman, 976 F.2d 1502, 1511 (6th Cir.1992) (en banc), cert. denied, 507 U.S. 990 (1993). The only limitation on evidence used at sentencing is that it must have some "minimal indicia of reliability." Id. (quoting United States v. Herrera, 928 F.2d 769, 774 (6th Cir.1991)).
 
 
 15
 The evidence produced by the government, and relied on by the district court, was the informant's tip. Davis's claim that the district erred in considering the informant's tip without giving Davis a chance to cross-examine the informant is without merit. Any hearsay problem with the tip, furthermore, does not present a problem. Id. We find, however, that on the record before us, it is not clear whether the tip had the requisite "minimal indicia of reliability."
 
 
 16
 A confidential tip may be relied on by a district court at the sentencing phase if the court finds that the tip has sufficient reliability. In this case, the tip may have been reliable enough. However. because the district court's finding lacked the necessary specificity. See id. at 125 ("Specific findings are required with respect to disputed claims under [§ 3553(f) ]."). We cannot be sure that the court investigated the reliability of the tip. From the record, we can determine only that the district court relied on the United States Attorney's representation at the sentencing hearing that the DEA had received a tip about Davis. The judge presumably was present when the government informed Davis's counsel of the informant's identity, but it is not clear whether the court had any substantive information about the tip aside from what the government attorney said at the hearing. In our opinion the otherwise unsupported assertion of government counsel does not by itself satisfy the "minimal indicia of reliability" standard under Silverman and other cases in this court. Had the court indicated that its determination that Davis had withheld information was based upon an en camera examination of the informant's statement or upon other hearsay information dealing with the specifics of the circumstances, we likely would uphold its ruling as not clearly erroneous. As the record stands, however, we have no assurance that the court relied on anything beyond the statement of the United States Attorney. As much as the district court and the appellate court have a right to expect that representations made by the United States Attorney shall be forthright and honest, that assumption without more simply is not sufficient in our view to satisfy the minimal indicia of reliability standard, nor to enable a reviewing court intelligently to pass upon that exercise of judgment.
 
 III.
 
 17
 For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.