**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**GEORGE A. BOURS, Defendant**

Crim. No. 1996-0003

District Court of the Virgin Islands

Div. of St. Croix

November 5, 1996

MICHAEL A. JOSEPH, ESQ., *for Defendant*

AZEKAH E. JENNINGS, *for Plaintiff*

FINCH, *Judge*

## MEMORANDUM OPINION

Presently before the Court is the motion of defendant George A. Bours for a departure from the mandatory minimum sentence pursuant to 28 U.S.C. § 3553(f). For the reasons set forth herein, defendant's motion will be granted.

## BACKGROUND

In October 1994, United States Customs Agents interdicted a U.S. Mail priority parcel addressed to Mitch Mercier in Columbus, Ohio. The parcel was found to contain slightly over one kilogram of cocaine. When the agents questioned Mercier, he indicated that the parcel had been sent to him by defendant George A. Bours. The agents in turn questioned Bours, who stated that he had found the

cocaine on Shoy's Beach in Christiansted, St. Croix. Defendant further stated that he believed the drugs would fetch a higher price on the United States mainland; accordingly, defendant asserted, because he had already arranged to travel to Ohio for unrelated reasons, he forwarded the cocaine to Mercier to avoid the necessity of travelling with it.

Defendant pled guilty on May 2, 1996 to possessing with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). Although the relevant sentencing guidelines imprisonment range is forty-six to fifty-seven months, section 841(a)(1) provides for a mandatory minimum sentence of five years (sixty months). Recognizing this distinction, defendant asks that the Court sentence him below the statutory minimum of five years under the recently enacted "safety valve" provision of the sentencing guidelines.

## DISCUSSION

In invoking the "safety valve" provision, defendant refers to section 8001(a) of the Violent Crime Control and Law Enforcement Act of 1994 (codified at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2). H.R. 3355, 103d Cong., 2d Sess. (1994). This provision limits the application of mandatory minimum sentences to the more serious drug offenders. More particularly, under section 3553(f), a defendant convicted of an offense under 18 U.S.C. § 841 may be sentenced within the guidelines range without regard to any statutory minimum sentence if he meets the following five criteria:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serous bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined

290

under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Defendant bears the burden of demonstrating, by a preponderance of the evidence, that he is eligible for a sentence reduction under section 3553(f). *See United States v. Ramirez*, 94 F.3d 1095, 1996 WL 498623, *4-6 (7th Cir. 1996).

 Defendant argues that he is eligible for a departure pursuant to section 3553(f). In making this argument, defendant notes, quite correctly, that he has no criminal history points; he did not use violence, threats of violence or possess a firearm or other dangerous weapon in the commission of the offense; and his offense did not result in death or bodily injury. Defendant also claims that he was not an organizer, leader, manager, or supervisor of others in the offense and that he provided complete and truthful information to the government.

The government disagrees that defendant is entitled to the benefit of section 3553(f). Although conceding that defendant has met the first three elements set forth in the statute, the government asserts that defendant has failed to satisfy the fourth and fifth requirements. The Court finds the government's assertions to be unpersuasive.

The Court turns first to the fourth element of section 3553(f) — namely, that the defendant must show that he was not an "organizer, leader, manager, or supervisor of others in the offense, as

determined under the sentencing guidelines."[1] The sentencing guidelines explain that "'organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines,' as used in subdivision (4) [of section 3553(f)], means a defendant who receives an adjustment for an aggravating role under [U.S.S.G.] § 3B1.1." U.S.S.G. § 5C1.2 app. note 5. U.S.S.G. § 3B1.1 in turn provides a range of adjustments to increase a defendant's offense level based upon the number of participants in the offense and the degree to which the defendant organized and supervised such participants.

In the instant case, the Probation Office in its Presentence Report did not recommend an upward adjustment under section 3B1.1, nor does the Court feel that such an adjustment is merited. "The key determinants of section 3B1.1 are control and organization." *United States v. Rowley*, 975 F.2d 1357, 1364 (8th Cir. 1992); *see also* U.S.S.G. § 3b1.1 cmt. 4 (In assessing the defendant's role, the Court must consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others"). The Court finds these critical determinants to be lacking here. First, there is no evidence that the defendant exercised any authority, direction, or control over Mercier, his partner in the offense. Nor does the evidence suggest that the offense entailed any substantial element of organization. Defendant merely mailed a package to Mercier; the record nowhere suggests that he instructed Mercier regarding disposition of the contents, set a price for the drugs, or anticipated a particular means of distribution. At most, Bours can be characterized as the initiator of the scheme and the source of the contraband. Even Bours' role is initiator is questionable, however, as Bours, in his statement, indicated that he mailed the cocaine to Ohio on Mercier's recommendation.

---

[1] There is no question that defendant satisfies the second element of this subsection — that the defendant "was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. 848."

The Court is similarly unpersuaded that defendant has failed tocomply with the fifth criteria of section 3553(f) — that he provide full disclosure of all his knowledge regarding the offense to the government. To demonstrate such compliance, a defendant "must prove that he truly cooperated with the authorities prior to sentencing." *Ramirez*, 94 F.3d 1095, 1996 WL 498623, at \*4; *see also United States v. Adu*, 82 F.3d 119, 123-24 (6th Cir. 1996) (holding that the burden of proving substantial assistance under § 3553(f) can be met only by an "affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses"). Defendant has satisfied this burden. Defendant, in his initial interview with authorities, explained quite cogently his involvement in the offense and identified his cohort. The Court finds no reason to believe that defendant's statement is other than full and honest; the Court is thus persuaded that the defendant has provided, completely and truthfully by the time of sentencing, all the evidence he possessed.

The government, save alleging that it was unlikely that defendant "found" the cocaine involved, identifies no specific information that defendant possesses yet has failed to provide. *See United States v. Davis*, 1996 U.S. App. LEXIS 24167, 1996 WL 490362, \*2 (6th Cir. Aug. 27, 1996) (noting that once the defendant "affirmatively assisted authorities and stated, in the form of a § 3553(f) motion, that he had disclosed everything he knew, the burden shifted to the government to show why a safety valve reduction was not mandated") (unpub. disp.). Absent such specifics, the Court cannot conclude that the defendant is withholding evidence or that the defendant has provided false information. "The government cannot assure success [in a challenge to a defendant's section 3553(f) motion] simply by saying 'We don't believe the defendant,' and doing nothing more." *United States v. Miranda-Santiago*, 96 F.3d 517, 1996 WL 523577, \*10 (1st Cir. Sept. 19, 1996).

Because defendant has satisfied the requirements of section 3553(f), the Court finds that he is entitled to the benefit of its safety valve. Therefore, the Court will sentence defendant pursuant to the sentencing guidelines without regard to the statutory minimum set forth in section 841(a)(1). The defendant will be sentenced in

accordance herewith on Monday, December 2, 1996. An appropriate order is attached.

DATED: November 5, 1996

## ORDER

Presently before the Court is the motion of defendant George A. Bours for a departure from the mandatory minimum sentence pursuant to 28 U.S.C. § 3553(f). The Court finds defendant to have sustained his burden under this statute. Accordingly, it is hereby

ORDERED that defendant's motion is GRANTED. It is further

ORDERED that the defendant appear at this Court to be sentenced on Monday, December 2, 1996 at 9:30 a.m.

DATED: November 5, 1996