**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie Elgin WEBB, Defendant–Appellant.**

No. 96–2710.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 1997.

Decided March 27, 1997.

---

Amanda A. Robertson (argued), Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

Melissa A. Day (argued), Office of the Federal Public Defender, Benton, IL, for Defendant–Appellant.

Before BAUER, KANNE, and EVANS, Circuit Judges.

KANNE, Circuit Judge.

Willie Webb appeals the sentence of 96 months in prison imposed for his conviction for conspiracy to distribute cocaine (21 U.S.C. §§ 841(a)(1) and 846). He claims that the district court clearly erred in denying him a reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, especially in light of the reduction that it granted him under U.S.S.G. §§ 2D1.1(d)(4) and 5C1.2. We affirm.

## I. Background

On February 7, 1995, a confidential informant provided evidence to investigative agents that Willie Webb had just sold him 0.8 grams of crack cocaine at an apartment in Carbondale, Illinois. Later that day, agents executed a search warrant at that apartment, where they found Webb and four other individuals, including Thaddeus Brown. Among the items seized from the apartment were approximately 38 grams of cocaine, as well as drug paraphernalia. During a custodial interview the next day, Webb admitted that he had assisted Brown in the packaging of crack cocaine for resale. He also stated that he took money from customers and gave it to Brown, and that Brown in turn provided the customers with crack cocaine.

Webb and Brown were indicted on February 8, 1995, on one count of conspiracy to distribute cocaine. At their arraignment, Webb and Brown both pleaded not guilty. A magistrate judge ordered Brown detained, but released Webb on $20,000 unsecured bond. A pretrial conference was held, at which time change of plea hearings for Webb and Brown were set for May 18. Brown changed his plea to guilty on May 18; but Webb failed to show up. The district judge issued a warrant for Webb's arrest due to his failure to appear. Webb surrendered himself to the United States Marshal seven months later, on December 18, 1995.

At a change of plea hearing on January 11, 1996, Webb entered an open plea of guilty to the indictment. During the hearing, Webb admitted that he had packaged crack cocaine, and that he knew that Brown had distributed the drugs. However, Webb denied distributing crack cocaine himself, stating in response to the question whether "you and Thaddeus Brown were packaging and distributing crack cocaine": "Well, we were packaging, but I wasn't distribution [sic]." He made additional statements to the same effect during the hearing, such as, "Well, I know I'm guilty of manufacturing because I cut up a couple of things, but other than that...."

The presentence report (PSR) determined that Webb was not eligible for a downward adjustment pursuant to U.S.S.G. § 3E1.1, because Webb had "not shown an affirmative acceptance of responsibility for his actions to the probation officer." Webb objected to the PSR, claiming that he was entitled to a three-level reduction under § 3E1.1. The

objections contended that Webb had followed through on his asserted intention to plead guilty, and that upon counsel's return from an extended leave during the presentencing period, counsel obtained Webb's handwritten statement accepting responsibility. In this statement, which was attached to the objections, Webb "accept[ed] responsibility that I assisted with the packaging of some of the drugs that was [sic] found in 420 South Graham." He also stated that "[o]n Monday Febeary 6 [sic] on three or four different occasions I took money from individuals and gave the money to Thaddas Brown [sic] and in return he gave drugs to them." The objections to the PSR further indicated that Webb planned to seek a two-level reduction under U.S.S.G. §§ 2D1.1(b)(4) and 5C1.2.[1] In response to Webb's objections, the probation officer noted that he had received Webb's undated statement on acceptance of responsibility, but suggested that the timeliness of Webb's action should be considered.

At the sentencing hearing on June 20, 1996, both sides presented arguments on the applicability of § 3E1.1 and § 5C1.2(5).[2] The government noted that Webb had never admitted that he had distributed crack cocaine, even though the confidential informant had confirmed that Webb sold cocaine to him on February 7, 1995. Accordingly, the court asked Webb whether he physically distributed drugs on that date, and Webb replied that he did.

After further argument, the district court decided to deny a § 3E1.1 reduction, but award a § 5C1.2 reduction. The district court made its finding on the § 3E1.1 issue "based on several factors, but primarily, the fact that the defendant when he became a fugitive, that in itself is inconsistent with someone accepting responsibility for his criminal activity." In the court's view, Webb "got a break" in not being recommended for an upward adjustment for obstruction of justice, U.S.S.G. § 3C1.1, given that "he escaped

or attempted to escape from custody before trial or sentencing or willfully failed to appear as ordered for a judicial proceeding." The district court also did not "think that timeliness was manifested here," and opined that "[t]here is an element of timeliness in the acceptance of responsibility and of 3E1.1 as I view it and read the commentary and believe the intent of the Sentencing Commission is [sic]." As to the reduction provided by §§ 2D1.1(b)(4) and 5C1.2, and in particular § 5C1.2(5), the district court thought it "kind of strange that a defendant can basically hold out till the time of sentencing and just walk in and say, 'Yeah, I did this and did that[,]' [a]nd provide the government the truthful information." Nevertheless, "in light of what has transpired today," the district court believed that "probably technically the defendant has complied with element number 5," and thus granted the reduction under §§ 2D1.1(b)(4) and 5C1.2. The district court noted its belief that its rulings on §§ 3E1.1 and 5C1.2 were not "inconsistent at all especially as the facts of this case unfold."

## II. Analysis

Webb was required to "clearly demonstrate" his entitlement to the reduction under § 3E1.1(a),[3] and to make this showing by a preponderance of the evidence. *United States v. Akindele*, 84 F.3d 948, 956 (7th Cir.1996). The district court's determination that Webb did not accept responsibility is reviewed for clear error, *United States v. Cunningham*, 103 F.3d 596, 597–98 (7th Cir. 1996), while its interpretation of the sentencing guidelines is reviewed *de novo*, *United States v. Townsend*, 73 F.3d 747, 754 (7th Cir.1996).

It was proper for the district court to rely on Webb's failure to appear combined with his seven-month hiatus before surrender. The commentary to § 3E1.1(a) lists as appropriate considerations "voluntary surrender to

---

1. Section 2D1.1(b)(4) provides that a defendant whose offense level is 26 or greater shall receive a two level reduction if he meets the criteria of subsections 1 through 5 of § 5C1.2.

2. The government did not dispute that Webb satisfied the criteria of § 5C1.2(1)–(4).

3. Section 3E1.1(a) states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). If the defendant qualifies for a decrease under § 3E1.1(a), and if he meets certain other conditions, then he would receive a decrease of one additional level. U.S.S.G. § 3E1.1(b).

authorities promptly after commission of the offense" and "voluntary termination . . . from criminal conduct. . . ." U.S.S.G. § 3E1.1, comment. (n.1(d), (b)). By contrast to someone who voluntarily surrenders in a timely fashion and voluntarily refrains from further criminal conduct, Webb violated the law and the conditions of his bond by failing to appear at a scheduled change of plea hearing, and only surrendered to authorities a full seven months later. The district court believed quite sensibly that such conduct did not clearly demonstrate acceptance of responsibility. *Cf. United States v. Knorr*, 942 F.2d 1217, 1223 (7th Cir.1991) (affirming denial of § 3E1.1(a) reduction that was based on defendant's failure to surrender after failing to appear, and his failure to surrender voluntarily when arrested over seven months later).

In addition, as the district court correctly observed, "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility" is an appropriate consideration for the § 3E1.1(a) determination. U.S.S.G. § 3E1.1, comment. (n.1(h)); *see also United States v. Tolson*, 988 F.2d 1494, 1498–99 (7th Cir.1993). Webb did admit quickly and consistently to packaging and taking money for drugs. However, at the change of plea hearing, Webb denied distributing drugs. He then avoided admitting to distributing drugs until the last minute. Surely then, the district court could find that Webb had not genuinely accepted responsibility. *See* U.S.S.G. 3E1.1, comment. (n.1(a), (h)); *United States v. Bailey*, 97 F.3d 982, 986 (7th Cir.1996); *Akindele*, 84 F.3d at 957–58.

Webb argues that the district court's denial of a § 3E1.1(a) reduction was inconsistent with its grant of a § 5C1.2 reduction. He relies on statements in *United States v. Arrington*, 73 F.3d 144 (7th Cir.1996), regarding 18 U.S.C. § 3553(f)(5), the provision which is the basis for and uses identical language to that in U.S.S.G. § 5C1.2(5).[4] *Arrington* decided that "the admission of responsibility necessary to obtain a reduction under § 3E1.1(a) is not necessarily sufficient

to satisfy 18 U.S.C. § 3553(f)(5)," and that "[s]ection 3553(f)(5) requires more cooperation than § 3E1.1(a)." *Id.* at 149. In Webb's view, because the district court found that he met the more difficult standard in § 3553(f) and § 5C1.2, it was required to find that he met the less difficult standard in § 3E1.1(a).

Webb, however, reads *Arrington* too broadly. *Arrington* holds that a defendant must provide more information to satisfy one criterion of § 3553(f) (truthfully providing "all information . . . concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan") than to satisfy the kindred criterion of § 3E1.1(a) (truthfully admitting "the conduct comprising the offense(s) of conviction"). *Arrington*, 73 F.3d at 149 (quoting 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 3E1.1, comment. (n.1(a))). *Arrington* does not imply that every defendant who receives a § 5C1.2 (or a § 3553(f)) reduction must receive a § 3E1.1(a) reduction. Section 5C1.2(5) in one respect demands more of an effort from the defendant than § 3E1.1(a)—as *Arrington* explains—but in other respects may demand less. Under § 5C1.2(5), the defendant is required to provide the necessary information "not later than the time of the sentencing hearing." U.S.S.G. § 5C1.2(5). In contrast, the commentary to § 3E1.1 advises the district court that it may consider whether the defendant provided information in a timely manner. U.S.S.G. § 3E1.1 comment. (n.1(h)). Likewise, the commentary to § 3E1.1 points to prompt and voluntary surrender and voluntary termination of criminal conduct as factors for consideration, while neither the text nor commentary for § 5C1.2 highlights such factors. Assuming that the district court in Webb's case appropriately awarded a § 5C1.2 reduction, it was nevertheless permitted to refuse a § 3E1.1(a) reduction, in that Webb failed to appear and remained absent for seven months, and in

---

4. In relevant part, this provision is satisfied if, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(5).

that he also denied and only much later admitted distributing drugs.[5]

## III. Conclusion

The judgment of the district court is AF-FIRMED.

**5.** We need not decide whether the § 5C1.2 reduction was appropriate, because the government has not challenged the district court's decision on that issue. We do not express an opinion as to whether or in what circumstances a district court may consider factors such as timeliness under § 5C1.2. Nothing in § 5C1.2 or its commentary requires the district court to consider whether the defendant promptly and voluntarily surrendered, voluntarily terminated criminal conduct, or provided information prior to the time of the sentencing hearing. Thus, there is nothing inherently inconsistent with a district court's consideration of those factors for purposes of making a determination under § 3E1.1, but not for purposes of § 5C1.2.