124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James T. MEREDITH, Defendant-Appellant.
 No. 96-3806.
 United States Court of Appeals, Seventh Circuit.
 Argued June 11, 1997.
Decided July 23, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 94 CR 40080-002(PER); Paul E. Riley, Sr., Judge.
 Before POSNER, MANION, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James Meredith joined a conspiracy to distribute cocaine and marijuana in southern Illinois and Wisconsin. Over a period of between one and two years, he received about 20 kilograms of cocaine, for which he paid $30,000 each and re-sold for $63,000 each, thus reaping $33,000 profit per kilogram, or $660,000. He made additional profit by selling marijuana. In any event, when he was first arrested he told the arresting officer that he made about $716,000 from drug sales. But he was unable to account for it. Now he says he spent it on "wine, women, and song." That's a lot of money to spend in a year and a half and still have time to transact business, but he swears he doesn't have any of the money. The district court, Judge Riley, didn't buy into that, and refused to decrease Meredith's offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, although he did grant Meredith a two-point reduction pursuant to U.S.S.G. §§ 2D1.1(b)(4) and 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) (hereinafter "Safety Valve" provisions).[1] Meredith now appeals the denial of an acceptance of responsibility offense level reduction. Because the district court did not clearly err in finding that Meredith had not accepted responsibility, we affirm the district court's judgment.
 
 I. Background
 
 2
 After receiving the drugs from his source, John Tappe, James Meredith sold cocaine and marijuana in Wisconsin while his co-conspirators covered the southern Illinois market.[2] On July 1, 1994, Meredith was arrested following the execution of a search warrant of his Wisconsin home and of his vehicle. Seven pounds of marijuana were found in his vehicle. After his arrest, Meredith agreed to cooperate with the authorities and to give statements regarding his relationship-with Tappe. Meredith admitted to federal agent Ron Bratcher ("Agent Bratcher") that he had sold approximately 16 to 20 kilograms of cocaine and 200 to 500 pounds of marijuana during his involvement in the Tappe conspiracy. Meredith also identified other members of the conspiracy and, after his release on bond, assisted the government by wearing a wire and participating as a confidential informant in undercover drug buys.
 
 
 3
 Based on his arrest and his statements, Meredith was charged with one count of conspiracy to distribute and possession with intent to distribute cocaine, and one count of conspiracy to distribute and possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1), 846. The government also sought forfeiture under 21 U.S.C. § 853 of $716,000--the estimated profit from Meredith's sales of cocaine and marijuana.[3] Approximately fourteen months after his original indictment, Meredith pleaded guilty to Counts 1 and 2 without a plea agreement.[4] Based on Meredith's relevant conduct admissions to Agent Bratcher, the Probation Officer determined that Meredith's offense level was 34.[5] Noting Meredith's recantation of his relevant conduct admissions made to Agent Bratcher, the Probation Officer declined to recommend a reduction for acceptance of responsibility. Moreover, the Probation Officer declined to apply the Safety Valve provisions based on the government's assertion that Meredith "has been disingenuous regarding the assets he acquired with drug proceeds which has resulted in a future forfeiture hearing."
 
 
 4
 Meredith objected to paragraphs 47 and 92 of the Presentence Report. First, Meredith challenged the Probation Officer's assessment that he demonstrated his failure to accept responsibility by falsely denying his relevant conduct. According to Meredith, although he actually sold only 4 kilograms of cocaine, he "admitted" to selling 20 kilograms of cocaine because Agent Bratcher became irate when he stated otherwise. Meredith also argued that he was entitled to an acceptance of responsibility reduction because he timely notified the authorities of his intention to plead guilty. Second, regarding the Safety Valve, Meredith maintained that he was entitled to a 2-level reduction because he was candid with the government at all times and because he was not disingenuous regarding the location of his assets. In obvious disagreement, the government responded that "in addition to the defendant being disingenuous regarding assets he acquired with drug proceeds, the government believes he fails to meet criteria (5) of 5C1.2 because he has been untruthful regarding his involvement in the charged conspiracy." After considering these arguments, the Probation Officer inconclusively stated that Meredith "may be entitled to a three-level reduction for acceptance of responsibility in accordance with U.S.S.G. § 3E1.1, and an additional two-level reduction, in accordance with U.S.S.G. § 2D1.1(b)(4)" if the district court ruled in favor of Meredith after conducting an evidentiary hearing on Meredith's relevant conduct.
 
 
 5
 Apparently, an evidentiary hearing on this issue was not necessary because Meredith later (at his second plea hearing) conceded the truthfulness of his relevant conduct admissions made to Agent Bratcher.[6] Despite this concession, Meredith still sought offense level reductions based on the acceptance of responsibility and Safety Valve guidelines. Although the government agreed that Meredith would be entitled to a two-level reduction pursuant to the Safety Valve provisions if Meredith was, indeed, admitting the truthfulness of his relevant conduct admissions made to Agent Bratcher, it objected to any reduction for acceptance of responsibility based on Meredith's failure to turn over the proceeds from his drug activity--an important consideration noted in the commentary to U.S.S.G. § 3E1.1. See U.S.S.G. § 3E1.1, comment. (n.1(e)). Furthermore, the government objected to an acceptance of responsibility reduction because--contrary to Agent Bratcher's instructions--Meredith sold his home, his possessions, and spent (or refused to account for) the $716,000 that he admitted to making as a profit from his drug sales.
 
 
 6
 At the conclusion of the hearing, the district court noted that it fully considered these arguments as well as the PSR and the parties' objections to the PSR. Without further explanation, it found Meredith's offense level to be 32, after applying a two-level Safety Valve reduction to his total offense level of 34. The court rejected an acceptance of responsibility reduction which would have brought the offense level down to 29. Accordingly, the court sentenced Meredith to 121 months' imprisonment--at the lowest end of the sentencing range for offense level 32 and criminal history category I--on count I (the cocaine offense). See U.S.S.G. § 5A (Sentencing Table). The district court also sentenced Meredith to 60 months' imprisonment (the statutory maximum) on Count 2 (the marijuana offense) to be served concurrently. After a later bench trial, the district court ordered forfeiture pursuant to the forfeiture count.
 
 II. Discussion
 
 7
 The Guidelines provide for a two-level decrease in a defendant's base offense level if "[the] defendant clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a). If (and only if) a defendant makes this showing, an additional one-level reduction applies if the defendant's base offense level is 16 or greater (prior to the application of subsection (a)) and if the defendant demonstrates his assistance to authorities "in the investigation or prosecution of his own misconduct by ... (1) timely providing complete information to the government concerning his own involvement in the offense; or (2) timely notifying authorities of his intention to enter a plea of guilty.... "U.S.S.G. § 3E1. 1(b) We review a sentencing court's acceptance of responsibility determination, pursuant to U.S.S.G. § 3E1.1, for clear error. See United States v. Webb, 110 F.3d 444, 446 (7th Cir.1997), United States v. Bailey, 97 F.3d 982, 986 (7th Cir.1996); United States v. Townsend, 73 F.3d 747, 754 (7th Cir.1996). A court of appeals may not hold that the trial judge erred unless it is of the "definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); United States v. Friend, 104 F.3d 127, 129 (7th Cir.1997). In other words, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson, 470 U.S. at 573-74. See also U.S.S.G. § 3E1.1, comment. (n.5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").
 
 
 8
 Perhaps as a consequence of this deference, Federal Rule of Criminal Procedure 32(c) generally requires the district court to make explicit findings with regard to factual matters disputed by the defendant. Here, the district court did not specifically state why it denied Meredith a reduction for acceptance of responsibility. Instead, the court briefly stated that it determined Meredith's sentence after considering all the evidence presented at the hearing and in the PSR. Although we look with disfavor upon such limited findings, we may affirm so long as the record supports the district court's decision.[7] See United States v. Pippen, 115 F.3d 422, 424 (7th Cir.1997) (stating that we accept "regrettably brief" factual findings so long as the "record adequately supported [the district court's] conclusion"); see also Wade, 114 F.3d at 105-06; United States v. Hall, 109 F.3d 1227, 1234 (7th Cir.1997) ("[E]ven without explicit findings as to the leadership role, we may affirm if the record supports the enhancement."), petition for cert. filed, (U.S. June 26, 1997) (No. 96-9561).
 
 
 9
 One of the arguments (noted in the PSR) before the district court was that Meredith failed to demonstrate his acceptance of responsibility by falsely denying his relevant conduct. In other cases, we have accepted this basis for denying an acceptance of responsibility reduction. See Bailey, 97 F.3d at 986 (despite timely guilty plea, no reduction for acceptance of responsibility where defendant denied relevant conduct that the district court found to be true); United States v. Kerr, 13 F.3d 203, 205 (7th Cir.1993) (no acceptance of responsibility where defendant lied to probation officer about his involvement in narcotics), cert. denied, 511 U.S. 1060 (1994); see also U.S.S.G § 3E1.1, comment., (n.1(a)) (stating that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"). Accepting his false denial as a basis for affirming the district court in the present case is substantiated by this court's previous acceptance of this argument in denying an acceptance of responsibility reduction to Meredith's co-conspirator. See Schaefer, 107 F.3d at 1289.[8]
 
 
 10
 As noted above, Meredith did receive a two-level reduction under the so-called Safety Valve provision under U.S.S.G. § 5C1.2 (see supra note 6 and accompanying text). He seems to argue that because he got the Safety Valve reduction for finally "coming clean," so too should he get the § 3E1.1 reductions for acceptance of responsibility. To begin with, Meredith should probably count his blessings that he received the Safety Valve reduction given his several variations of facts imparted to Agent Bratcher and other investigators. Although the Safety Valve two-level reduction may be applied so long as (among other things) the defendant provides truthful information not later than at sentencing, there is an element of timeliness in the acceptance of responsibility. See Webb, 110 F.3d at 446. As a result, not every defendant who receives a § 5C1.2 reduction is entitled to a § 3E1.1 reduction. See id at 447. In the present case, the record supports a conclusion that Meredith's relevant conduct admission was too late to effectively demonstrate his acceptance of responsibility. See id.; Kerr, 13 F.3d at 205 (affirming denial of acceptance of responsibility reduction where defendant failed to demonstrate truthfulness and remorse until final hour); United States v. Tolson, 988 F.2d 1494, 1499 (7th Cir.1993) ("The reduction for a timely acceptance of responsibility was not adopted with the idea that a defendant might lessen his or her sentence with a last minute, formalistic demonstration of remorse after the government has been forced to expend a great deal of time and resources in gathering an overwhelming case...."); United States v. Osborne, 931 F.2d 1139, 1155 (7th Cir.1991) (holding that defendant was not entitled to an acceptance of responsibility reduction where defendant was untruthful in describing his criminal conduct to a probation officer during a presentence interview, even where defendant showed some remorse and greater truthfulness at the sentencing hearing).
 
 
 11
 Moreover, United States v. Townsend, 73 F.3d 747 (7th Cir.1996) does not support Meredith's appeal. In Townsend, the defendant challenged the district court's failure to grant him an additional 1-level decrease pursuant to U.S.S.G. § 3E1.1(b), after applying a 2-level decrease pursuant to U.S.S.G. § 3E1.1(a). Because the district court had previously found that the defendant satisfied the criteria of subsections (a) and (b), we found clear error in not following the Guidelines. Although the parties disputed whether the 2-level decrease was proper given the defendant's false denial of his relevant conduct, we expressly did not reach this issue because the government did not file a cross-appeal. Id. at 753 at n. 7.
 
 
 12
 Although the foregoing analysis demonstrates the adequate support in the record for the district court's decision, the parties, at argument, focused on the district court's implicit basis for denying an acceptance of responsibility reduction-that Meredith was not entitled to it because he refused to help the government locate the proceeds from his drug sales. In support of this basis for denying Meredith an acceptance of responsibility reduction, the government, at sentencing, pointed to application note (e) of § 3E1.1, which states that in determining whether a defendant demonstrates acceptance of responsibility, a district court may consider whether the defendant assists in the "recovery of the fruits and instrumentalities of the offense." Meredith challenges the district court's implicit reliance on this factor because the government "never identified where the drug proceeds were alleged to have been located," because the government never proved he "had hidden any of the proceeds," and because he has honestly and consistently maintained that he spent it on "wine, women, and song." In other words, Meredith assumes that his lack of knowledge of the whereabouts of the proceeds absolved him from further responsibility and precluded the district court from using his lack of knowledge against him. At argument, Meredith further contended that denying an acceptance of responsibility reduction on this basis is improper unless the defendant actively conceals drug proceeds. Notably, Meredith has not supported his argument with any authority, and we have found none. In any event, $716,000 is a lot of money to spend without knowing where it went, and we find nothing in the record to support Meredith's claim that he could not possibly account for any of it. Indeed, the record shows that Meredith sold his house and other property contrary to the instructions of Agent Bratcher. Under these circumstances, we conclude that Meredith's failure to assist the government in locating the proceeds from his drug sales constitutes an additional basis for denying him an acceptance of responsibility reduction.[9]
 
 III. Conclusion
 
 13
 Because the district court did not clearly err in finding that Meredith failed to accept responsibility for his offense, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Section 2D1.1(b)(4) provides that "[i]f the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above [for drug offenses] is level 26 or greater, decrease by 2 levels." The criteria for U.S.S.G. § 5C1.2(1)-(5) are:
 (1) the defendant does not have more than I criminal history point, as determined under the sentencing guidelines;
 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense,
 (3) the offense did not result in death or serious bodily injury to any person,
 (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant had complied with this requirement.
 U.S.S.G. § 5C1.2(1)-(5).
 
 
 [2]
 The facts of the Tappe conspiracy were recently set forth in the companion case, United States v. Schaefer, 107 F.3d 1280 (7th Cir.1997)
 
 
 [3]
 Meredith was first indicted on November 9, 1994. On October 4, 1995, a superseding indictment was returned that contained--in addition to charging Meredith with the cocaine and marijuana offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846--a forfeiture allegation pursuant to 21 U.S.C. § 853
 
 
 [4]
 Meredith originally pleaded guilty on February 5, 1996 to the two drug conspiracy counts in the superseding indictment. Following that plea, his counsel was removed due to a conflict. Meredith again pleaded guilty on October 25, 1996 after new counsel (who is also representing him on appeal) was appointed. See Transcript of Hearing, Oct. 25, 1996
 The record suggests that Meredith believed the government's proffered plea agreement failed to adequately reward him for his cooperation with and assistance to the government in prosecuting other drug crimes.
 
 
 [5]
 The PSR noted that 16 kilograms of cocaine is equivalent to 3,200 kilograms of marijuana. By combining this with the 90.72 kilograms (200 pounds) of marijuana, the PSR found that Meredith's offense involved 3,290 kilograms of marijuana, which translates into a level 34 offense. See U.S.S.G. § 2D1.1(c)(3)
 
 
 [6]
 In this regard, Meredith moved to strike paragraphs 37 and 38 of the PSR which contained Meredith's statements to the Probation Officer that he had sold only 4 kilograms of cocaine
 
 
 [7]
 The district judge should put his reasons in a paragraph on the record so we have something to review. Meredith does not challenge the lack of more detailed findings, however, and thus, he has waived any challenge to the brevity of the district court's findings. See United States v. Wade, 114 F.3d 103, 106 (7th Cir.1997). In any event, any objection would fail because, as our opinion makes clear, the record supports the district court's decision
 
 
 [8]
 This conclusion is not undermined by either of the cases upon which Meredith relies for support: In United States v. Thompson, 76 F.3d 166, 170 (7th Cir.1996), we upheld a district court's acceptance of responsibility reduction even though the defendant had maintained her innocence throughout her trial and raised a sufficiency of the evidence argument on appeal. The district court granted a 2-level reduction for acceptance of responsibility based on Thompson's voluntary statements made at the time of her arrest which showed that she gave the government all the information "as she understood it." Id. At the time, we deemed Thompson an "unusual" case, and, in any event, it does not render the district court's sentencing decision in the present case clearly erroneous
 
 
 [9]
 Because Meredith did not satisfy subsection (a) of U.S.S.G. § 3E1.1, we need not separately discuss whether he could satisfy subsection (b) which provides an additional 1-level decrease in certain circumstances after the 2-level decrease pursuant to subsection (a) is applied. In any event, for the reasons discussed previously, Meredith cannot meet either criteria of subsection (b) of "timely providing complete information to the government concerning his own involvement in the offense" or "timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b)