139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Marlon DIXON, Defendant-Appellant.
 No. 96-3250.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 27, 1998.
Decided Feb. 12, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 76.
 Before ESCHBACH, COFFEY, and EASTERBROOK, Circuit Judges.
 ORDER
 COAR, J.
 
 
 1
 Marlon Dixon is a drug dealer. After law enforcement officers opened a safe in Dixon's apartment and discovered $113,000 they questioned him about the Mercedes Benz in the driveway. He told them that he bought it with cash from drug deals and then registered the car in the name of a friend so that the transaction could not be traced to him. He also told the officers that he was "one of the biggest drug dealers in Altgeld Gardens [housing project], had never worked, [and] owned a $160,000 home outright."
 
 
 2
 Dixon promptly entered a plea agreement with the government. He admitted that he knew the purchase money for the car "represented the proceeds of narcotics sales" and that he intended to mask the nature of the transaction and the source of the funds by registering the car in his friend's name. In return, the government agreed to recommend (and did recommend) both a sentence at the bottom end of the Guideline range and a three-level downward departure for acceptance of responsibility. When Dixon appeared before the court to enter his plea, however, he stated flatly, "I didn't buy the car with drug money." After a short conference between client and counsel, Dixon's attorney attributed his client's apparent renunciation of the plea agreement to a misunderstanding "based on how [the court's] phraseology went."
 
 
 3
 At his interview with the probation officer who prepared the PSI, Dixon once again denied that the car was purchased with drug money. He claimed instead that he had used money obtained through legal gambling rather than drug transactions; that he supported himself through riverboat gambling; had sold drugs only once in 1986; denied making statements to law enforcement officers that the car was purchased with drug money; and denied criminal intent when he purchased the car and registered it under a friend's name.
 
 
 4
 At sentencing, Dixon's attorney attempted to defuse his client's misrepresentations. He argued that Dixon must have misunderstood the probation officer to be implying that the car was purchased with funds derived "exclusively" from the sale of drugs rather than, as Dixon now claimed, with a combination of drug and gambling money. The court responded that Dixon's representations in the PSI were "inconsistent with the plea agreement," were "inconsistent with acceptance of responsibility," and remarked pointedly, "Acceptance of responsibility is different from negotiating to get the plea down ." The court then sentenced Dixon to 57 months in prison, the top of the guideline range, and denied his request for a downward sentencing departure based on his acceptance of responsibility.
 
 
 5
 Dixon argues on appeal that his prompt agreement with the government to enter a plea and the waiver of his right to trial demonstrate his acceptance of "complete responsibility" for his conduct. He also contends that his conduct "entitles" him to the three-point downward reduction in his base offense level. At sentencing, however, it is his burden to establish his eligibility for the reduction. See United States v. Schaefer, 107 F.3d 1280, 1289 (7th Cir.1997). The court's interpretation of the Guidelines is a question of law and is reviewed de novo, but its factual findings are reviewed for clear error. See United States v. Francis, 39 F.3d 803, 807 (7th Cir.1994).
 
 
 6
 There is no basis on which to disturb Dixon's sentence. First, as the Guidelines make clear, "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."[1] U.S.S.G. § 3E1.1, comment. (n. 5). The court's determination must therefore be afforded "great deference." Id.; United States v. Thompson, 76 F.3d 166, 170 (7th Cir.1996). The court was entitled to conclude that Dixon's misrepresentations to the probation officer and his categorical in-court denial that the car was purchased with drug money were evidence of his refusal to accept responsibility for his conduct. See Schaefer, 107 F.3d at 1289-90 (attempts by defendant to minimize his own involvement); United States v. Monem, 104 F.3d 905, 910-11 (7th Cir.1997) (defendant provided false information during the preparation of his PSI); United States v. Sanchez-Estrada, 62 F.3d 981, 986 (7th Cir.1995) (same). Early notice of an intention to plead guilty, without more, is not enough to warrant the reduction. See U.S.S.G. § 3E1.1, comment. (n. 3); Schaefer, 107 F.3d at 1289. Similarly, while the Guideline permits a reduction if the defendant "timely provid[es] complete information to the government concerning his involvement in the offense," U.S.S.G. § 3E1.1(b)(1), the reduction may properly be denied where, as here, a defendant subsequently recants admissions in order to minimize the seriousness or scope of his criminal conduct, see Francis, 39 F.3d at 809.
 
 
 7
 Dixon's reliance on United States v. Thompson, 76 F.3d 166 (7th Cir.1996), is unavailing. Defendant Thompson "never denied" her role or conduct in the offense; there was also expert testimony concerning her emotional instability and diminished "cognitive functioning." Id. at 170. As the district court concluded and the appellate court agreed, "She gave the government information as she knew it and as she understood it." Id. The contrast here is stark. In court and under the guidance of his attorney, Dixon admitted his conduct, but on his own with the probation officer, he lied. Indeed, as the court suggested, Dixon's statements to the probation officer represent a disavowal of his culpability and the terms of his plea agreement, See 18 U.S.C. § 1956(a)(1)(B)(i); United States v. Gabel, 85 F.3d 1217, 1223 (7th Cir.1996); United States v. Reynolds, 64 F.3d 292, 297 (7th Cir.1995), cert. denied, 516 U.S. 1138, 116 S.Ct. 969, 133 L.Ed.2d 890 (1996). His in-court declaration, "I didn't buy the car with drug money," suggests that Dixon intended to present the same fabrication to the judge had he not been cut short by his attorney.
 
 
 8
 Dixon's reliance on United States v. Beserra, 967 F.2d 254 (7th Cir.1992), is similarly misplaced. Defendant Beserra had argued that drinking had driven him to crime. Id. at 255. A panel of this court acknowledged that the admission could be seen either as evidence of self-realization and a glimmering of reform, or as external attribution and denial, that is, "demon alcohol and evil companions" were responsible. Id. The court noted the value of "external, verifiable, expiatory acts" as evidence of acceptance of responsibility; it likewise pointed to the difference between remorse and consciousness of wrongdoing, on the one hand, and "retaining a lawyer who can help [the defendant] craft a spiel," on the other. Id. at 256. Because there was insufficient evidence of the former, the appellate court could not conclude that the district court had erred. The same is true here: while Dixon's attorney may have prodded him into admitting his conduct, there is insufficient evidence from which to conclude that Dixon accepted responsibility for it. See id.; United States v. Gomez, 24 F.3d 924, 926 (7th Cir.1994) (angling "to obtain the lowest punishment ... by any strategy available" is the "antithesis of acceptance of responsibility").
 
 
 9
 As Dixon recognizes, "When a defendant demonstrates that he is qualified for the [acceptance of responsibility] decrease, the guideline orders the decrease." United States v. Townsend, 73 F.3d 747, 755 (7th Cir.1996). He has not, however, carried his burden to demonstrate his qualification for the reduction. Beyond his timely entrance into a plea agreement and his decision to forego trial, the record simply does not support his claim that he "truthfully and honestly provide[d] authorities with all the information" that he possessed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 In this respect, Dixon's appellate brief fails to conform to Fed.R.App.P. 30(a) and Circuit Rule 30. He failed to incorporate a copy of the sentencing transcript--that is, "any other parts of the record to which the parties wish to direct the particular attention of the court"--in the Appendix to his brief Fed.R.App.P. 30(a); see United States v. Gomez, 24 F.3d 924, 928-30 (7th Cir.1994)