**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro RAMIREZ, Defendant–Appellant.**

**No. 95–1063.**

United States Court of Appeals,
Seventh Circuit.

Argued May 16, 1996.

Decided Sept. 4, 1996.

Barry Rand Elden, Chief of Appeals, Kaarina Salovaara (argued), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Barry S. Alberts, Matthew J. Fischer (argued), Schiff, Hardin & Waite, Chicago, IL, for Defendant–Appellant.

Before EASTERBROOK, RIPPLE and DIANE P. WOOD, Circuit Judges.

RIPPLE, Circuit Judge.

The "safety valve" provision of the United States Sentencing Guidelines, U.S.S.G. § 5C1.2, directs the district court to impose a sentence without regard to the statutory mandatory minimum sentence if a defendant satisfies certain criteria. Pedro Ramirez appeals the district court's decision to sentence him to a mandatory minimum sentence of sixty months, based on that court's determination that he did not qualify for the safety valve provision. We affirm the judgment of the district court.

## I

## BACKGROUND

### A. *Facts*

A package sent from Bogota, Colombia and addressed to Miller Spellman at a Chicago address was intercepted by a customs inspector who discovered that it contained several kilograms of cocaine. After several failed attempts at a controlled delivery, on January 18, 1994, an undercover customs agent successfully delivered the package to a man named Juan Carlos Lopez, who lived at the address on the box. Lopez then was arrested. He explained that he was accepting delivery of some computer items for a man named Pedro, because the items were to be a surprise present for Pedro's wife. When Pedro Ramirez later arrived to pick up the package, he was arrested. Mr. Ramirez made a statement to the customs agents at the time of his arrest. He explained that, for one hundred dollars, he was supposed to deliver the package to a man named "Ricky," who was thirty-five years old and drove a two-door blue Toyota. *See* R.64 at 5.

### B. *District Court Proceedings*

Mr. Ramirez was charged with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On August 10, 1994, he entered a guilty plea and admitted possession, with intent to distribute, of 2,999.5 grams of cocaine.[1] The presentence

---

1. Mr. Ramirez specifically admitted that he knowingly and intentionally picked up the package on January 18, 1994, and that he knew the

package contained cocaine. He had agreed to the pickup before that date, and he knew that the cocaine was meant for distribution and sale. He

investigation report prepared by the United States Probation Office stated that the applicable guideline range was 57 to 71 months and that the mandatory minimum sentence was 60 months. The probation officer also submitted a supplemental report to the court, noting without comment the recent creation of the safety valve provision that allows imposition of a sentence without regard to the statutory mandatory minimum sentence.

Prior to sentencing, Mr. Ramirez filed a written objection to the presentence report. He asserted that he had satisfied the criteria of the safety valve provision codified at 18 U.S.C. § 3553(f):

> [Mr. Ramirez] has zero criminal history points. Violence was not in any way involved in the offense. Death or serious bodily injury was not inflicted. He was not a manager, organizer, leader or supervisor. The evidence indicates that he has truthfully provided to the government all information and evidence he has concerning the offense.

R.53, Defendant's Objection to Presentence Investigation Report, at 2. Mr. Ramirez then submitted that the court should impose a sentence within the applicable Guideline range without regard to the statutory minimum sentence. *Id.*

The government responded that Mr. Ramirez was not qualified for the safety valve provision because he had failed to provide to the government all the information and evidence he had concerning the offense.

> [D]efendant has failed to meet this criteri[on]. To the contrary, and despite several invitations from the government, defendant has refused (as is his right) to provide "all information and evidence" he has concerning his offense. Although defendant told the arresting agents (at the time that he was arrested) that he was meeting co-defendant Lopez and picking up the box (containing cocaine) at the direction of another individual, defendant de-

clined to provide the agents with any information about his conversations with co-defendant Lopez or his dealings with Lopez. Similarly, defendant refused to provide information about the circumstance of this offense, *e.g.*, why did he call Lopez at various times during the fall of [1993] and early 1993?; who told him to call Lopez on each occasion?; what did they discuss?; what did they discuss just prior to the arrests?; why did he visit Lopez' apartment building prior to January 18, 1994?; etc.

R.54, Government's Response to Defendant's Objection, at 2. Mr. Ramirez did not reply further; in particular, he never offered evidence concerning the questions raised in the government's filing.

On December 16, 1994, at the sentencing hearing, the district court heard arguments on the issue and concluded that Mr. Ramirez did not qualify for the safety valve under § 5C1.2 because he had not truthfully provided all the information he had.

> I think it's clear from the factual scenario here that the defendant didn't meet that standard [of truthfully providing to the government all information and evidence he has concerning the offense] because he was asked about it right at the time of the arrest and he didn't provide any of the particulars about the conversation or the details of how he met [Lopez] or what their plans were with respect to the drugs.
>
> But, of course, this section says that's not a bar to someone getting 5C1.2 because someone can cooperate up to the time of sentencing. . . . I fully agree with the government that [Ramirez] stood on his rights. He didn't have to answer anything at the time of the arrest. But between now and the time of the arrest the defendant still hasn't provided [the government] . . . and [Ramirez] was a participant] in the conversation [with Lopez] and so he knows what was said.

---

also admitted using a beeper or pager to contact others involved in the drug deal. In the plea agreement the parties agreed that the base offense level was 28 but that it should be decreased three levels for Mr. Ramirez's affirmative acceptance of personal responsibility for his criminal

conduct under U.S.S.G. § 3E1.1(a). Under the applicable guideline, Mr. Ramirez's guideline range was 57 to 71 months. The mandatory minimum sentence requirement for 21 U.S.C. § 841(b) is 60 months.

And the court finds given the language of this, all the information the defendant has, the defendant hasn't met that burden in this particular case. And so I'm not going to apply 5C1.2.

R.64, Sent. Tr., at 8–9. Mr. Ramirez then was sentenced to the mandatory minimum sentence of sixty months of incarceration, four years of supervised release, and a fine of $2,000.

Mr. Ramirez appeals his sentence; he submits that the district court erred as a matter of law in deciding that he had failed to satisfy the fifth criterion of U.S.S.G. § 5C1.2.

## II

## DISCUSSION

◼ In 1994, when Congress passed the Mandatory Minimum Sentencing Reform Act ("MMSRA"), it included a "safety valve" provision that created more flexibility in sentencing by permitting defendants to be sentenced below the minimum sentences fixed by statute. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Prior to the enactment of the MMSRA, a drug crime offender could obtain a sentence below the statutory minimum only when the government filed a motion for downward departure based on the defendant's substantial assistance. *See* 18 U.S.S.G. § 3553(e). The safety valve provision now allows a sentence below the statutory minimum for a defendant who may be less culpable and less knowledgeable than other codefendants, but who nevertheless is willing to provide all the information he has. That provision is intended to benefit "first-time, nonviolent drug offenders who were not organizers of criminal activity and who have made a good faith effort to cooperate with the government." *United States v. Arrington*, 73 F.3d 144, 147 (7th Cir.1996); *see also United States v. Thompson*, 76 F.3d 166, 171 (7th Cir.1996) (discussing legislative history of the statute and guideline).

To be eligible for a reduction below a mandatory minimum sentence, a defendant must satisfy the five criteria presented in the statute (18 U.S.C. § 3553(f)) and repeated in the guideline (U.S.S.G. § 5C1.2). Section 5C1.2 provides as follows:

In the case of an offense under 21 U.S.C. § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5) set forth verbatim below:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The focus of this appeal is on the fifth criterion—whether Mr. Ramirez truthfully and completely provided to the government all the information and evidence he had concerning the cocaine transaction to which he pleaded guilty and concerning any other activities that were related to that course of conduct or plan.

◼ We review the district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Randy*, 81 F.3d 65, 68 (7th Cir.1996); *United States v. Bush*, 79 F.3d 64, 66 (7th Cir.1996). More specifically, we re-

view a sentencing court's decision concerning a defendant's eligibility for a sentence reduction under § 5C1.2 for clear error. *Thompson,* 76 F.3d at 171; *United States v. Rodriguez,* 69 F.3d 136, 144 (7th Cir.1995).

■ Mr. Ramirez's main contention is premised on a theory of shifting burdens of proof with respect to the safety valve provision. He acknowledges that the statute requires that a defendant seeking to qualify for the safety valve provision must "provide" all the information he possesses. However, this burden of providing information and evidence must be distinguished, he claims, from the burden of persuading the sentencing court that the information provided is complete and truthful. According to Mr. Ramirez, once a defendant offers his information and states that such evidence is the full extent of his knowledge, then the burden must shift to the government to proffer evidence that the defendant has not provided his information completely or truthfully. By placing the burden on him, the defendant, to come forward in this case and to prove the truthfulness and completeness of what he provided, Mr. Ramirez submits, the district court erred. Mr. Ramirez also claims that the government, rather than the defendant, should be required to prove the elements of § 5C1.2 because they are stated as negative elements; for example, he suggests that it is impossible for a defendant to prove that he does not have more than one criminal history point.

■ We cannot accept Mr. Ramirez's shifting-burden theory. The statutory language of 18 U.S.C. § 3553(f), duplicated in guideline § 5C1.2, does not support his position. Both the statute and the guideline state that the sentencing court must impose a guidelines-based sentence if it finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5). Qualification for the safety valve provision is based, therefore, upon the district court's finding that the defendant has satisfied all five requirements in the provision. *See United States v. Adu,* 82 F.3d 119, 121 (6th Cir.1996). The court's conclusion in favor of the defendant necessarily depends upon the defendant's persuasive ability to demonstrate to the court that he is eligible for the reduced sentence. *See Arrington,* 73

F.3d at 148 (describing the defendant's "duty to satisfy the court" concerning the elements of § 5C1.2). To fulfill the last criterion, he must show the court that he "has *truthfully* provided to the Government *all* the information and evidence [he] has concerning the offense" for which he was convicted and any other offense that was part of the same plan or course of conduct. U.S.S.G. § 5C1.2(5) (emphasis added). Moreover, the entirety of the information must have been given by the time of the sentencing hearing. In other words, he must prove that he truly cooperated with the authorities prior to sentencing. Nothing in the statute or its legislative history "specifies the form or place or manner of the disclosure," *United States v. Montanez,* 82 F.3d 520, 522 (1st Cir.1996), but truthful full disclosure there must be.

Mr. Ramirez has misconstrued this unequivocal provision by accepting only the duty of information-giving and not of truthfulness or completeness. Section 5C1.2 need not utilize the term "burden" in order to state clearly that the defendant is squarely responsible for providing, *completely* and *truthfully,* by the time of sentencing, all the evidence and information he has. Judge Nelson has articulated the Ninth Circuit's conclusion that the burden is on the defendant:

> Although there is no legislative comment or circuit authority addressing the burden of proof under § 5C1.2, we have placed the burden on the defendant to prove by a preponderance of the evidence that she should receive a sentence reduction under the guidelines based upon some mitigating factor.

*United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996).

The approach we take to the burden under § 5C1.2 is compatible with the view taken in other circuits. Other courts have disapproved similar attempts to shift the burden to the government. *See United States v. Flanagan,* 80 F.3d 143, 146 (5th Cir.) (finding it "anomalous to place the burden on the Government to solicit information from the defendant"), *cert. denied,* —— U.S. ——, 116 S.Ct. 2537, 135 L.Ed.2d 1060 (1996); *United States v. Ivester,* 75 F.3d 182, 185 (4th Cir.

1996) (refusing to place on the government the burden of seeking out defendants for debriefing). The government does not bear a burden of seeking information from the defendant. Rather, the burden is on the defendant to come forward and to supply the government with full and truthful information. *See Flanagan*, 80 F.3d at 146 (concluding from the language of § 5C1.2 that "[t]here is no indication that the Government must solicit the information"). We agree with the Sixth Circuit, which refused to place on the government the onus of showing that the defendant's response was not truthful or complete. *See Adu*, 82 F.3d at 123–24. It reasoned that the defendant has the burden of proving his entitlement to the reduction, and that, if the government does not believe that the defendant truthfully disclosed all the information he possesses concerning the offense or related offenses, it may challenge the defendant's claim. The Sixth Circuit then held:

> Where the government challenges a defendant's claim of complete and timely disclosure and the defendant does not produce evidence that demonstrates such disclosure, a district court's denial of a motion under 3553(f) and 5C1.2(5) is not clearly erroneous.

*Id.* at 125 (citing *United States v. DeJesus-Gaul*, 73 F.3d 395, 397 (D.C.Cir.1996)). We conclude that Mr. Ramirez had the burden of proving, by a preponderance of the evidence, his entitlement to the reduction under § 5C1.2.

■ The approach we take to the burden under § 5C1.2 also comports with the usual allocation of responsibility in departure cases. In general, the party seeking the departure from a presumptive guidelines sentence has the burden of proving that he meets the criteria for that adjustment. *See Adu*, 82 F.3d at 123–24; *Flanagan*, 80 F.3d at 146. When the departure is upward, the government has the burden; when it is downward, the defendant has the burden.[2] It logically follows, under this analysis, that a defendant moving for a § 5C1.2 reduction would be responsible to prove his entitlement to it. *See Ajugwo*, 82 F.3d at 930 (stating that "the party seeking the downward departure from the mandatory minimum sentence under the safety valve provision ... had the burden of proving that she met each of the five criteria"); *Adu*, 82 F.3d at 124 (same). Indeed, courts also have placed on a defendant seeking a § 5C1.2 departure *specific* responsibilities, such as the burden of acting affirmatively to provide the information he has, *see Adu*, 82 F.3d at 124; *Ivester*, 75 F.3d at 185–86; *United States v. Wrenn*, 66 F.3d 1, 3 (1st Cir.1995) and of coming forward to supply the government with full and truthful information and evidence, *see Arrington*, 73 F.3d at 148; *Flanagan*, 80 F.3d at 146.

The placement of that burden on the defendant also comports with the purpose underlying this guideline. Section 5C1.2 was added to the guidelines "to benefit defendants who wished to cooperate with the government (and in fact did everything they could to cooperate)." *Arrington*, 73 F.3d at 148. Because it was meant to aid those less culpable defendants for whom a mandatory minimum sentence might seem harsh, it is not available to a defendant who is, for example, an "organizer" under guideline § 3B1.1. *See United States v. Marshall*, 83 F.3d 866, 869 (7th Cir.1996). "In enacting the safety valve provision, we think Congress was aiming its leniency at low level defendants who did their best to cooperate to the extent of making full disclosure." *Montanez*, 82 F.3d at 522; *see also Ivester*, 75 F.3d at 184–85; *United States v. Acosta–Olivas*, 71 F.3d 375, 379 (10th Cir.1995); *Rodriguez*, 69 F.3d at 143; *Wrenn*, 66 F.3d at 3. We conclude that the language and purpose of the safety valve provision require that the defendant, not the government, prove the defendant's entitlement to that sentence reduction—which includes proof of complete and honest disclosure of information to the government. As Judge Boudin of the First Circuit succinctly

---

2. *See United States v. Larkins*, 83 F.3d 162, 168 (7th Cir.1996) (defendant bears burden of convincing court it could depart downward); *United States v. Walls*, 80 F.3d 238, 241 (7th Cir.1996) (government has burden of proof when seeking upward departure); *United States v. Burnett*, 66 F:3d 137, 141 (7th Cir.1995) (defendant bears burden of establishing minor participant status to warrant downward departure).

stated, "[F]ull disclosure is the price that Congress has attached to relief under the statute, and the *burden remains on the defendant* to prove his entitlement." *Montanez*, 82 F.3d at 523 (emphasis added). The defendant must "persuade the district court that he has 'truthfully provided' the required information and evidence to the government." *Id.; see also Flanagan*, 80 F.3d at 146–47 (holding "that the defendant has the burden of ensuring that he has provided all the information and evidence regarding the offense to the Government"). As this court said in *Arrington*, 73 F.3d at 147, "to qualify for relief under § 3553(f), a defendant must demonstrate to the court that he has made a good faith attempt to cooperate with authorities." Although the defendant "is not required to provide information that the government expressly states it does not want, he must at least offer what he has." *Id.* at 148.

■ Of course, the court must allow the government the chance to comment on the defendant's eligibility under the safety valve provision. *See* U.S.S.G. § 5C1.2 n. 8 ("Under 18 U.S.C. § 3553(f), prior to its determination, the court shall afford the government an opportunity to make a recommendation."). The government may respond to the defendant's statements by challenging them for their lack of candor or completeness or by calling to the court's attention the omission of evidence that the defendant should know and has not turned over to the government. *See Montanez*, 82 F.3d at 523 ("The government is perfectly free to point out the suspicious omissions at sentencing, and the district court is entitled to make a common sense judgment. . . .").

■ Nor do we believe that the arrangement ordained by Congress and the Sentencing Commission is, as Mr. Ramirez suggests, unfair to the defendant. He claims that the requirements of § 5C1.2 are stated as negative elements to be proven: The sentencing court must conclude that (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence; (3) the defendant did not possess a firearm during the crime; (4) the offense did not result in death or serious bodily injury to any person; (5) the

defendant did not occupy a position of leadership in the criminal enterprise; and (6) the defendant was not involved in a continuing criminal enterprise. Mr. Ramirez asserts, for example, that it is virtually impossible for a defendant to prove that he does not have more than one criminal history point. For this reason, he urges that the burden of proving these elements be placed on the government, which could easily prove that the defendant did possess a weapon or use violence by calling a witness to testify about these issues.

This argument cannot be sustained. The information about the first four elements, which reflect the level of culpability of the defendant, comes from the historical, factual background of the defendant's offense of conviction. The Application Notes to § 5C1.2 define the terms used in the criteria ("criminal history point," "serious bodily injury," etc.). The presentence investigation report ("PSI") submitted to the district court states how many criminal history points the defendant has and whether he was an organizer or was engaged in a continuing criminal enterprise. It also reflects whether the defendant used violence and whether serious injury or death resulted from it. Only if the defendant is a first-time, non-violent offender will he be considered for a § 5C1.2 reduction in his sentence.

It is easy to understand why virtually all of the case law focuses on the fifth criterion, the only one which is not as clearly definable by objective data or by reference to other sections of the guideline. That element is not, however, even stated as a negative proposition; as we have already noted, "to qualify for relief under § 3553(f), a defendant must demonstrate to the court that he has made a good faith attempt to cooperate with authorities." *Arrington*, 73 F.3d at 147.

■ A district court's decision to deny a defendant's § 5C1.2 motion is a heavily fact-bound one. The district court, with its fact-finding and credibility-weighing skills, is well suited to make decisions concerning the defendant's full and honest disclosure. *See Montanez*, 82 F.3d at 523 ("Courts have thus far found it fairly easy to cull serious efforts

at full disclosure from mere pretense."); *Thompson,* 76 F.3d at 171 (noting court's reliance on expert testimony). In this case, the district court received Mr. Ramirez's written objections to the PSI prior to the sentencing hearing and heard oral argument on the issue at the hearing. It concluded that Mr. Ramirez had not revealed all the information he had; although he had stipulated to the basic details of his offense conduct, he did not respond to the government's proffer letter or answer questions posed by the government. We believe that the court came to a reasonable conclusion that was not clearly erroneous. *See Arrington,* 73 F.3d at 148 (affirming denial of § 5C1.2 reduction when defendant failed to respond to government's proffer letter and failed to initiate contact with government); *Rodriguez,* 69 F.3d at 143 (affirming denial of safety valve reduction because defendant failed to identify coconspirators).

## Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.