108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margarita VALDES, Defendant-Appellant.
 No. 96-1817.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.
Decided March 6, 1997.
 
 Before CUMMINGS, RIPPLE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Margarita Valdes pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), after the police stopped the car in which she was riding and a voluntary search revealed 42 kilograms of powder cocaine. Her plea agreement was "straight up," meaning that it did not contain any promises by the Government about the sentence she would receive. On two separate occasions, she met with Drug Enforcement Administration agents in order to tell them everything she knew about her offense. After the first of these meetings, however, the Government informed her that it did not believe her account. The second meeting took place just before her sentencing hearing. Again, the Government was not satisfied that she was being entirely truthful. Upon hearing about both meetings, the court decided that Valdes was not entitled to the "safety valve" provision of the Sentencing Guidelines, see 18 U.S.C. § 3553(f) and USSG § 5C1.2. The court also ruled that Valdes was not entitled to a reduction for being a "minor or minimal participant" in the criminal activity for purposes of USSG § 3B1.2. The court accordingly sentenced her to the statutory minimum period of 120 months.
 
 
 2
 On appeal, Valdes claims that both rulings were in error. She argues that the Government failed to demonstrate how in particular her proffers were untruthful, which she claims was its burden under the statute and guideline. It plainly bothers her that her co-defendant and nephew, Daniel Valdes, who was driving the car, did obtain the benefit of the safety valve provision as a result of his own testimony, and she appears to suggest that the Government was being inconsistent to accept Daniel's version of the events and not hers. In addition, she argues (in effect) that the district court committed clear error when it found that she was not a minor participant. The evidence at the sentencing hearing, she claims, showed that she was substantially less culpable than her co-defendant, because she was "merely a one time courier, who ... had a small [sic] amount of cocaine."
 
 
 3
 We find no error in the district court's rulings. The "safety valve" permits the court to impose a sentence within the Guidelines range without regard to statutory minimums, if and only if five criteria are satisfied. Only the last criterion is at issue here--whether Valdes "truthfully provided to the Government all information and evidence [she] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan...." First, the district court did not misallocate the burden of proof on this issue. We recently rejected the argument that the Government must show in what way a defendant failed truthfully to provide all information an evidence about the offense, in United States v. Ramirez, 94 F.3d 1095, 1100 (7th Cir.1996). Ramirez makes it clear that it is the defendant's burden to prove by a preponderance of the evidence "that [she] truly cooperated with the authorities prior to sentencing." Id. Here, in fact, the Assistant U.S. Attorney offered the following explanation for the Government's position:
 
 
 4
 [Valdes' information] conflicts in several circumstances with other information that we have. Primarily the information that we believe is inaccurate has to do with her initially with the manner in which she initially became involved, but more importantly even concerning the phone number in her address book that the Court referred to earlier.
 
 
 5
 Even if Valdes had presented enough evidence regarding her truthfulness and completeness to impose a duty of responding on the Government, this statement sufficed. In the absence of any error of law, we review a district court's decision to deny a sentence reduction under § 3553(f) and USSG § 5C1.2 only for clear error. United States v. Rodriguez, 69 F.3d 136, 144 (7th Cir.1995). The sentencing transcript shows that the judge carefully considered all the evidence and concluded that Valdes did not qualify for the enhancement. The fact that her more culpable co-defendant Daniel Valdes received a lighter sentence because he did earn "safety valve" treatment is not a reason to disturb the district court's findings. See United States v. Neyens, 831 F.2d 156, 159 (7th Cir.1987); United States v. Santiago, 582 F.2d 1128, 1137 (7th Cir.1978).
 
 
 6
 We review a district court's decision under the "minor or minimal participant" Guideline only for clear error as well. The district court judge relied on two key facts in his decision to deny this adjustment: first, he found that Valdes was just as involved in this particular transaction as her nephew and thus was not minor or minimal relative to him; second, he found that she was ineligible because she was not convicted of a conspiracy and her sentence was therefore based only on the conduct in which she admittedly engaged. The first finding is one of fact, which is not clearly erroneous. The sentencing record showed that, even if Daniel Valdes may have instigated the criminal activity, Margarita was working side-by-side with him for the 42 kilograms at issue. She had the beeper number of the contact person in her personal possession, and she was riding in the car with him with the knowledge that they were delivering a substantial amount of cocaine to someone. Her self-characterization as a "courier" is not enough to entitle her to the § 3B1.2 reduction. See, e.g., United States v. Willis, 49 F.3d 1271, 1275 (7th Cir.1995); United States v. Osborne, 931 F.2d 1139, 1157-58 (7th Cir.1991). With respect to the district court's second point, we have frequently made the point that the minor or minimal participant reduction is inappropriate when the offense is committed by individuals of roughly equal culpability. See United States v. Brick, 905 F.2d 1092, 1095 (7th Cir.1995); United States v. Pollard, 72 F.3d 66, 68 (7th Cir.1995). See also USSG § 3B1.2, Application Note 4.
 
 
 7
 We therefore AFFIRM the sentence imposed by the district court.