132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard S. BURNS, Defendant-Appellant.
 No. 97-1440.
 United States Court of Appeals, Seventh Circuit.
 Argued November 12, 1997
Decided December 10, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 96-CR-40058; J. Phil Gilbert, Chief Judge.
 Before ESCHBACK, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Richard S. Burns pleaded guilty to possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Bums appeals the district court's denial of a two-level reduction under the safety valve provision of the Sentencing Guidelines, which in certain cases requires the court to impose a sentence without regard to the statutory minimum sentence. U.S.S.G. § 5C1.2. The district court found that Burns had not truthfully provided the Government with all information and evidence pertaining to his offense as required by the safety valve provision, and therefore sentenced Burns to the statutory minimum sentence for his offense--60 months. 21 U.S.C. § 841(b)(1)(B). We affirm.
 
 
 2
 A sentencing court's decision regarding the application of § 5C1.2 is a factual finding reviewed for clear error. United States v. Ramirez, 94 F.3d 1095, 1099-1100 (7th Cir.1996). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (internal quotation marks and citations omitted); see also United States v. Benitez, 92 F.3d 528, 536 (7th Cir.1996). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson, 470 U.S. at 573-74.
 
 
 3
 The safety valve provision permits a sentence below the statutory minimum for first-time, non-violent drug offenders who did not organize the criminal activity at issue and who have made a good-faith effort to assist the government. Sections 2D1.1(b)(4) and 5C1.2 of the Sentencing Guidelines provide that when the five criteria listed in § 5C1.2 are satisfied and the defendant has a base offense level of 26 or greater, the sentencing judge must decrease the offense level by two levels. The fifth criterion is the one at issue in this case, and it requires that:
 
 
 4
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 5
 The defendant bears the burden of showing that he has satisfied this criterion, and "must demonstrate to the court that he has made a good faith attempt to cooperate with the authorities." United States v. Arrington, 73 F.3d 144, 148 (7th Cir.1996); see also Ramirez, 94 F.3d at 1102.
 
 
 6
 On appeal, Burns challenges the district court's decision as clearly erroneous and requests that his sentence be vacated or, alternatively, that his case be remanded for an evidentiary hearing to resolve the disputed issues. He contends that the district court lacked any factual support for its finding that he was not truthful. However, the record shows otherwise. Burns twice lied to the Government. Burns initially said that he did not know the identity of his source, and then later provided a name. Burns also initially told the Government that the cocaine had been fronted to him; however, at sentencing he admitted that he had purchased it outright. Finally, the government impugned Burns's claim that he divulged his source in his proffer. The person named by Burns was known for selling $20 cocaine rocks, not the quantities found in Burns's possession (9 grams and 17 grams).
 
 
 7
 Defendant argues that whether he "lied at the time of his arrest [or any other time prior to sentencing] is legally irrelevant" because the safety valve only requires truthfulness as of the time of the sentencing hearing. Def. Reply Br. at 7 (citing U.S.S.G. § 5C1.2 ("not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information....")). Since his lies, he argues, were all before the sentencing hearing, the safety valve provision should apply. However, defendant ignores the fact that presentencing lies may so damage his credibility that he simply cannot demonstrate his truthfulness at sentencing.
 
 
 8
 For the first time on appeal, Burns argues that the district court relied not on evidence, but on its own speculation about how drug dealers behave, in denying the application of the safety valve provision. Specifically, Burns cites the district court's statement that it was "difficult to believe that someone would obtain a sizeable amount of crack cocaine[,] even expending $300 and having ... never sold it before[,] in an effort to ... try to get [his] money back and make a little profit unless that person had some people in mind that they were going to sell it to or had actually sold drugs [to] before and knew they could get rid of that amount."
 
 
 9
 The district court's statement does not render the denial of the safety valve reduction clearly erroneous. "[A]n appellate court can affirm the determination of a sentencing range on any ground supported by the record even if that ground was not relied upon by the district court[,] [as long as] ... the district court has not relied on [an] improper factor ... in a but-for outcome-determinative sense." Benitez, 92 F.3d at 538 (internal quotation marks and citations omitted). Given Burns's previous untruths, the absence of any specific facts supporting the district court's comment does not constitute clear error; the district court reasonably concluded that Burns's explanation for not having named any customers was simply not believable. See Anderson, 470 U.S. at 574 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); United States v. Rodriguez, 69 F.3d 136, 144 (7th Cir.1995) (affirming the district court's denial of a downward departure under § 5C1.2, and stating that the court's decision "will often depend on credibility determinations that cannot be replicated with the same accuracy on appeal").
 
 
 10
 Burns also claims that the district court failed to consider all the favorable relevant evidence in denying him the safety valve deduction; he reminds the court that he pleaded guilty, made a post-arrest statement, possessed only a small amount of drugs, did not engage in a conspiracy, and abused drugs. However, the evidence cited by Burns does not demonstrate that he truthfully disclosed all the evidence within his possession. Given Burns's numerous lies, the district court's conclusion that Bums did not satisfy the truthfulness requirement of § 5C1.2 was not clearly erroneous.
 
 
 11
 Although Burns also requests an evidentiary hearing, he did not raise that issue in the district court and has therefore waived it.
 
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.