151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Algie HICKMAN, Defendant-Appellant.
 No. 97-3226.
 United States Court of Appeals, Seventh Circuit.
 Argued June 10, 1998.
Decided July 28, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97 CR 7 Charles N. Clevert, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Algie Hickman pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base under 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846. On appeal, Hickman argues that the district court clearly erred in finding that he did not qualify for the "safety valve" provision of 18 U.S.C. § 3553(f) and its corresponding Sentencing Guideline, § 5C1.2.
 
 
 2
 Hickman was indicted on two criminal counts involving a five-month scheme with four co-conspirators to distribute cocaine and cocaine base in Milwaukee, Wisconsin. Hickman and the government reached an agreement that he would plead guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base. In exchange, the government agreed to dismiss one count of the indictment and to recommend to the district court a three-level decrease in Hickman's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.
 
 
 3
 The only issue on appeal is whether Hickman was eligible for a reduction in sentence under the "safety valve" provision. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Prior to the Mandatory Minimum Sentencing Reform Act (MMSRA) in 1994, a defendant could not receive a sentence below the statutory minimum unless the government filed a motion for downward departure based on the defendant's substantial assistance to the authorities. United States v. Marin, No. 97-2545, slip op. at 10 (7th Cir. May 22, 1998); United States v. Arrington, 73 F.3d 144, 147 (7th Cir.1996). "In recognition of the harsh consequences sometimes wrought by the Sentencing Guidelines' uniformity, Congress enacted a provision ... which allows district courts to sentence less-culpable defendants without regard to mandatory minimum sentences ... this Guideline has been nicknamed the 'safety valve' provision." United States v. Ramunno, 133 F.3d 476, 482 (7th Cir.1998). Now, a defendant, on his own motion or the court's motion, may be eligible for a reduction below the mandatory minimum sentence if the sentencing court finds that the defendant has fulfilled the five requirements enumerated in 18 U.S.C. § 3553(f)(1)-(5), which also appear in U.S.S .G. § 5C1.2. United States v. Ramirez, 94 F.3d 1095, 1100, 1102 (7th Cir.1996); see also Ramunno, 133 F.3d at 482. Section 3553(f) limits the applicability of statutory minimum sentences as to "first-time, non-violent drug offenders who were not organizers of criminal activity and who have made a good faith effort to cooperate with the government." Arrington, 73 F.3d at 147.
 
 
 4
 Hickman's written plea agreement stated that he faced a mandatory minimum of five years' incarceration based on his relevant conduct involving 5.738 grams of cocaine base. U.S.S.G. § 1B1.3; 21 U.S.C. § 841(b)(1)(B)(iii). The plea agreement also stated that there were no agreements outside of the written plea agreement and that the sentencing judge would make his own determinations regarding the Sentencing Guidelines. The agreement was silent as to the application of the "safety valve" provision under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. At the change of plea hearing, Hickman's attorney informed the district court that the "safety valve" provision was open for discussion with the government. Hickman's counsel stated in open court that he had explained to Hickman that the "safety valve" provision was not a part of the plea agreement, but may apply as the record developed before sentencing. The Assistant United States Attorney stated that if Hickman did not have more than one criminal history point, which is required under the "safety valve" provision, the government would recommend the reduction.
 
 
 5
 At the sentencing hearing, Hickman's attorney again discussed the "safety valve" provision. After reviewing Hickman's Presentence Investigation Report (PSR), the government, which was represented by a different Assistant United States Attorney, expressed its position that Hickman was not completely truthful when he was debriefed by special agents, and thus, was not entitled to the "safety valve" provision. The district court continued the sentencing hearing so that the parties could further investigate whether Hickman was truthful in providing the government all of the evidence and information concerning his offenses and other offenses in the drug conspiracy.
 
 
 6
 When the sentencing hearing resumed and in the government's sentencing memorandum, the government argued that the statements Hickman made to the special agent at his debriefing were contradicted by other witnesses, who were co-defendants in this case. The government asserted that Hickman's untruthful statements included the amount of cocaine he received in furtherance of the conspiracy, which he later admitted was not the correct amount. The government also noted that the statements Hickman gave regarding the amount of cocaine he sold to other co-conspirators and whether his house was used during drug transactions were contradicted by other witnesses. Hickman's attorney argued that it made no sense for Hickman not to disclose truthfully the amounts of cocaine involved and whether his house was used for drug transactions after he had already entered into a plea agreement. Nevertheless, the district court concluded that Hickman did not qualify for the "safety valve" provision because he did not candidly provide all of the information he knew concerning the drug conspiracy. Although the district court found the Sentencing Guideline range to be from 46 to 57 months' incarceration, the district court sentenced Hickman to 60 months' incarceration due to the statutory minimum pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).
 
 
 7
 Specifically at issue is whether Hickman fulfilled the fifth requirement of the "safety valve" provision, i.e., whether he has shown that he completely and truthfully provided the government all of the evidence and information concerning his offense and other offenses that were part of the same plan or course of conduct. Ramirez, 94 F.3d at 1100. Based on the record, the district court did not clearly err in finding that Hickman did not qualify for a reduction under the "safety valve" provision. The government filed a sentencing memorandum challenging the candor of Hickman's statements. Attached to the government's sentencing memorandum were Hickman's and two cooperating witnesses' statements made to special agents. Hickman's assertions about the amount of cocaine he received and sold and whether his house was used for drug transactions were contradicted by the witnesses' statements and his own admissions at his debriefing. At the sentencing hearing, the government developed its arguments as set forth in the memorandum detailing the specific assertions Hickman and the other witnesses made. Hickman's attorney did not file a sentencing memorandum or objections to the sentencing calculations, but stated that Hickman fully divulged information to the authorities. However, it is not enough that Hickman divulged information about his offenses and other offenses in the drug conspiracy; the court must also determine whether Hickman truthfully provided the government with the information. Marin, No. 97-2545, slip op. at 12, 20. Hickman's attorney did not specifically address why Hickman's statements were truthful or state that he made them in good faith except surmising that lying did not behoove Hickman after he had pleaded guilty. Hickman also asserts that he is still eligible for a reduction under § 5C1.2(5), even if he provided no relevant or useful information to the government or if the government was already aware of the information. At issue, however, is whether Hickman provided truthful and complete information, not whether the information was irrelevant or the government knew of the information. Therefore, his assertion is misplaced.
 
 
 8
 Hickman points out that the government initially agreed that the "safety valve" provision might apply and that the government's earlier position somehow binds the government to this "understanding." The government changed its position after reviewing Hickman's statements made at the debriefing and other witnesses' statements, which substantiated that Hickman was not truthfully forthcoming in the information divulged to the special agents. After reviewing the record, it is evident that the parties did not actually agree to the "safety valve" provision as part of the plea agreement. See United States v. Williams, 102 F.3d 923, 927 (7th Cir.1996). The government's discussions with Hickman's attorney regarding the reduction occurred after the guilty plea had been entered. Hickman's counsel stated in open court that the "safety valve" provision was not a part of the plea agreement, but might apply as the record developed before sentencing. In addition, the government was not bound by the statements made by the Assistant United States Attorney at the change of plea hearing because of the indefinite quality of the statements and the possible contingencies which could develop while preparing for sentencing. In sum, reviewing the literal language of the plea agreement, it is clear the parties did not agree to the "safety valve" provision as part of the plea agreement. See id.
 
 
 9
 Because Hickman has failed to establish that he qualified for a reduction under the "safety valve" provision and that the district court did not clearly err in its findings, see Ramirez, 94 F.3d at 1099-1100, we affirm the district court judgment.
 
 
 10
 AFFIRMED.