151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff/Appellee,
v.
Jose A. CASTILLO, Defendant/Appellant.
 No. 97-2584.
 United States Court of Appeals, Seventh Circuit.
 Argued July 8, 1998.
Decided July 31, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. 3:96CR30083 William D. Stiehl, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. JOEL M. FLAUM, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jose A. Castillo pleaded guilty to one count of possession of marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Castillo to the mandatory minimum sentence of 60 months' incarceration. On appeal, Castillo asserts the district court clearly erred in denying his request under the "safety valve" provision pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Castillo pleaded guilty without a written plea agreement. However, the parties stipulated to the following facts:
 
 
 2
 On August 6, 1996, while in Madison County, Illinois, Trooper Michael Hartman of the Illinois State Police stopped a flatbed tractor trailer truck for an MCS [motor carrier safety] inspection and for having a cracked windshield. Trooper Hartman asked the driver of the truck, Jose Alfredo Castillo, for his driver's license and log book. Castillo complied with the request and produced a Texas driver's license and a log book. During the course of the stop, Trooper Hartman began to suspect that Castillo may be involved in smuggling drugs. As a result of his suspicions, Trooper Hartman asked for permission to search the vehicle.
 
 
 3
 Castillo gave Trooper Hartman consent to search his truck. While inspecting the gas tanks, Trooper Hartman noticed that they had been removed. Castillo followed Trooper Hartman to the Department of Transportation garage when requested to do so. When fuel was siphoned out of one of the tanks, Trooper Hartman found that it contained a hidden compartment. Further investigation revealed that both of the 185 gallon gas tanks had secret compartments which concealed approximately 270.24 kilograms (594.52 pounds) of marihuana.
 
 
 4
 During an interview with investigating agents Castillo indicated that he was to surrender the truck to some Hispanic males at a truck stop. Castillo knew that he was transporting marihuana in his truck and that it was destined to be delivered to marihuana dealers.
 
 
 5
 (Appellate Record # 28).
 
 
 6
 The probation office prepared Castillo's Presentence Investigation Report (PSR) recommending a base offense level of 26 based on Castillo's relevant conduct under U.S.S.G. § 2D1.1. The PSR also recommended that Castillo receive a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Castillo had a criminal history category of I. The Sentencing Recommendation included the following justification:
 
 
 7
 If the Court finds that the "safety valve" provision applies to this defendant, the guideline range of imprisonment would be 37 to 46 months. If the Court determines that the "safety valve" provision does not apply in this case, Count 1 carries a statutory mandatory minimum of five years, which would make the effective guideline sentence 60 months.
 
 
 8
 Neither the government nor Castillo filed any written objections to the PSR.
 
 
 9
 At the sentencing hearing, Castillo's counsel stated that there were no objections to the sentencing recommendation. The district court then found that the statutory minimum applied. 21 U.S.C. § 841(b)(1)(B)(vii). When the sentencing court asked Castillo if he would like to add any information, Castillo requested that his attorney read a letter that he had written. In sum, the letter indicated that Castillo wished to receive a reduction under the "safety valve" provision so that the sentencing court could depart below the statutory minimum. The district court concluded that Castillo did not qualify for the "safety valve" provision because he did not cooperate with the government by providing all of the information he knew about the common scheme or plan in which he was involved.
 
 
 10
 The only issue on appeal is whether Castillo was eligible for a reduction in sentence under the "safety valve" provision. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Because the possibility of the application of the "safety valve" provision was addressed in the sentencing recommendation and brought to the judge's attention at the sentencing hearing, Castillo has not forfeited his claim on appeal. See United States v. Marvin, 13 5 F.3d 1129, 113 5 (7th Cir.1998) (failure to bring objection to the sentencing court's attention resulted in forfeiture of the issue on appeal). Therefore, we review the district court's factual findings under § 5C1.2 for clear error. United States v. Ramirez, 94 F.3d 1095, 1099-1100 (7th Cir.1996).
 
 
 11
 Under § 5C1.2, the sentencing court shall impose a sentence in accordance with the guidelines without regard to the statutory minimum sentence, if the court finds that the defendant has fulfilled the five requirements enumerated in 18 U.S.C. § 3553(f)(1)-(5), which also appear in U.S.S.G. § 5C1.2. Ramirez, 94 F.3d at 1100. Section 3553(f) limits the applicability of statutory minimum sentences to "first-time, non-violent drug offenders who were not organizers of criminal activity and who have made a good faith effort to cooperate with the government." United States v. Arrington, 73 F.3d 144, 147 (7th Cir.1996).
 
 
 12
 Here, the district court concluded that Castillo had fulfilled the first four elements as required pursuant to § 5C1.2(1)-(4). Therefore, the only issue is whether Castillo fulfilled the fifth requirement, i.e., whether he has shown that he completely and truthfully provided the government all of the evidence and information concerning his offense and other offenses that were part of the same plan or course of conduct. U.S.S.G. § 5C1.2(5); United States v. Marin, No. 97-2545, slip op. at 12 (7th Cir. May 22, 1998). At the sentencing hearing, the government explained that when police officers asked Castillo the source of his marijuana, Castillo told the officers that he was to meet with unknown Hispanic males at a truck stop. Castillo, however, refused to cooperate any further for fear of retaliation. The government also indicated that police officers did a follow-up investigation by interviewing the salesman who sold the truck to Castillo and two other men, referred to as Franco and Tony. The salesman explained that at the time of the sale the fake gas tanks were not in place. The government proffered that Castillo did not divulge who Franco and Tony were or how the gas tanks were modified. Castillo's counsel argued that Castillo only knew that "other people" had altered the gas tanks and that he was to leave the truck at a location with the keys in it.
 
 
 13
 On appeal, Castillo argues that neither he nor the government knew the identity of the other parties; therefore, he could not have divulged the other parties' identities to the government. However, the government provided information that Castillo and two other men bought the truck together. From this information, the district court could reasonably infer that Castillo knew the two men with whom he bought the truck. The government also provided information that Castillo was afraid to cooperate with officials. The essence of the fifth requirement under the "safety valve" provision is cooperation with officials. See Arrington, 73 F.3d at 147. In addition, the district court found Castillo's version of the events--that he did not know the two individuals that bought the truck or the individuals that were to pick up the truck--not credible. This court gives special deference to findings based upon credibility determinations, which "can virtually never be clear error." United States v. Hickok, 77 F.3d 992, 1007 (7th Cir.), cert. denied, 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). As such, the district court did not clearly err in its sentencing determination.
 
 
 14
 Castillo also argues for the first time on appeal that due to his use of a Spanish language interpreter, the government may have misinterpreted his actions as a lack of cooperation. This argument is speculative and there is no indication from the record that the government misinterpreted Castillo's need for an interpreter or his actions during the sentencing process. Because there is no prejudicial error affecting Castillo's substantial rights, the district court did not commit plain error. See United States v. Davis, 121 F.3d 335, 337-38 (7th Cir.1997).
 
 
 15
 Because Castillo failed to meet his burden of proving by a preponderance of the evidence that he made a good faith effort to cooperate with the government, see Ramirez, 94 F.3d at 1100, the district court did not err in denying his request for the "safety valve" provision.
 
 
 16
 AFFIRMED.