**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE RAMON HERNANDEZ-
OLIVARES,

Defendant-Appellant.

No. 01-6090
(D.C. No. 98-CR-176-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **TACHA** , Chief Judge,  **BALDOCK** , Circuit Judge, and  **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The defendant challenges the sentence imposed following his plea of guilty to two counts of distribution of methamphetamine. He contends that the district court erred by failing to apply the safety-valve reduction set forth in USSG § 2D1.1(b)(6), by enhancing the sentence for obstruction of justice and denying a reduction for acceptance of responsibility, and by departing upward in criminal history. We affirm.

The defendant was originally arrested pursuant to a complaint filed on September 25, 1998. He was released on an unsecured bond on condition that he participate in a 30-day in-patient treatment program. He was admitted to such a program on October 1. However, three days later he left the facility without permission and absconded from supervision. He remained a fugitive until August 2000, when he was arrested by state authorities on a new charge of possession of a controlled dangerous substance. He was subsequently returned to federal authorities, and charged in a superseding indictment with two counts of distributing a specific quantity of methamphetamine to which he pled guilty.

The presentence report recommended that, because the defendant had absconded, a two-level enhancement be imposed for obstruction of justice and a reduction for acceptance of responsibility be denied. The report also recommended that the district court depart upward as the defendant's criminal history category of I under-represented his criminal activities. The defendant

objected to the recommendation that an adjustment be made for obstruction of justice and that he be denied a downward adjustment for acceptance of responsibility. He also argued that he should receive the benefit of the safety-valve provision under USSG § 2D1.1(b)(6) (cross-referencing USSG § 5C1.2). The government did not object to the report, but did file a motion for an upward departure, contending that the defendant's criminal history category did not reflect the seriousness of his past criminal conduct or the likelihood that the he will commit other crimes. The district court overruled the defendant's objections and granted the government's motion.

The defendant first contends that the district court erred in denying him a 2-point decrease in base offense level under § 2D1.1(b)(6). The defendant has the burden of demonstrating that he qualifies for this decrease. *United States v. Patron-Montano*, 223 F.3d 1184, 1189 (10th Cir. 2000). The defendant can satisfy this burden by demonstrating, by a preponderance of the evidence, that he meets the criteria set forth in § 5C1.2. *Id*. The only disputed requirement in this case is the one which obligates a defendant "not later than the time of the sentencing hearing, ... [to] truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan ...."

Here the defendant alleges that he was willing to provide information to the government, but that the government did not ask him for any. The government does not bear the burden of seeking out information from the defendant. *See United States v. Ramirez*, 94 F.3d 1095, 1101 (7th Cir. 1996). "Rather, the burden is on the defendant to come forward and to supply the government with full and truthful information." *Id*. Accordingly, the district court did not err in refusing to grant the defendant a decrease under § 2D1.1(b)(6).

The defendant next argues that the district court erred by enhancing the sentence for obstruction of justice and denying a reduction for acceptance of responsibility. The district court concluded that because the defendant had absconded while under pre-trial release it was appropriate to enhance his sentence for obstruction of justice. The defendant contends that merely walking away from a drug treatment center and never voluntarily returning to court does not rise to the level of obstruction of justice. Because the defendant's argument does not challenge the district court's factual findings, we review the court's legal conclusions *de novo*. *United States v. Hankins*, 127 F.3d 932, 934 (10th Cir. 1997).

Section 3C1.1 provides that '[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice," then a two level increase in the offense is warranted. Obstruction of justice includes

"escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." *See* USSG § 3C1.1, comment. (n.4(e)). Walking away from a drug treatment facility, where the defendant was ordered to reside as a condition of his pre-trial release, falls within these examples. His escape from the court-imposed restrictions constituted an obstruction of justice. *See United States v. Swanson*, 253 F.3d 1220, 1224 (10th Cir. 2001), *petition for cert. filed* (U.S. Sept. 17, 2001) (No. 01-6394) (holding that escape from a halfway house is escape from custody for purposes of § 3C1.1).

In a related argument, the defendant argues that the district court erred in not granting him a reduction in his base offense level for acceptance of responsibility. The obstruction enhancement and the acceptance of responsibility reduction are intertwined. *See United States v. Amos*, 984 F.2d 1067, 1073 (10th Cir. 1993). "Conduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG § 3E1.1, comment. (n.4). Nevertheless, the defendant contends that the district court should have considered the acceptance of responsibility independently of the obstruction of justice enhancement in light of the fact that he left the drug treatment facility two years before he pled guilty. While we recognize that there may be "extraordinary cases in which adjustments

under both §§ 3C1.1 and 3E1.1 may apply," USSG § 3E1.1, comment. (n.4), "[t]rue acceptance of responsibility for a crime includes acceptance of whatever justice society deems proper in response." *Swanson*, 253 F.3d at 1225. Walking away from a court-imposed condition and continuing to participate in criminal behavior do not indicate acceptance of responsibility.

The defendant's final argument is that the district court erred in departing upward from category I to category III. The district court based its departure on the facts that at the time the defendant committed the instant offense there were two state charges pending against him, a firearms charge and a drug charge, that he had absconded from bond, and that he was subsequently arrested for yet another drug offense. Applying an abuse of discretion standard, *Koon v. United States*, 518 U.S. 81, 91 (1996), we see no error in the court's determination that an upward departure was warranted.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court

Bobby R. Baldock
Circuit Judge