

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2007

# USA v. Cedeno

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Cedeno" (2007). *2007 Decisions*. Paper 696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2899
_____

UNITED STATES OF AMERICA

v.

DAMASO CEDENO,
                    Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 05-cr-00216)
District Judge: Hon. William W. Caldwell

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 18, 2007

Before: McKEE, FISHER, and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion Filed:  July 26, 2007)

_____

OPINION
_____

1

McKee, Circuit Judge:

Damaso Cedeno appeals the sentence that was imposed after he pled guilty to one count of unlawfully possessing with the intent to manufacture and distribute an unspecified amount of cocaine. For the reasons that follow, we will affirm.[1]

## I.

Inasmuch as we write primarily for the parties who are familiar with the case, we need not set forth the factual background or procedural history except insofar as may be helpful to our brief discussion. Pursuant to the terms of the plea agreement, Cedeno agreed that the amount of cocaine attributable to him was to be determined at the sentencing hearing.[2] Cedeno argues that the district court erred by imposing the mandatory prison term of ten years under 21 U.S.C. § 841(b)(1)(A) based solely on the court's determination of the amount of cocaine. He claims the quantity should have been established beyond a reasonable doubt, and that the court should have applied the safety valve provision of 18 U.S.C. § 3553(f).

---

[1] We have jurisdiction to review all final decisions of the district court of the United States under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
"We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and constitutional questions." *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004).

[2] Cedeno's sentencing memorandum acknowledged the following language of the United States Sentencing Guidelines:
With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook. U.S.S.G. § 1B1.3, *commentary*, application note (2)(ii).

**II.**

Cedeno's appeal was filed before we decided, *United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2007) (en banc). Cedeno's claim that the court could not determine drug quantity absent proof beyond a reasonable doubt is foreclosed by that decision. We there held that the Due Process Clause does not require facts relevant only to sentencing enhancements to be proven beyond a reasonable doubt.[3] *Grier*, 475 F.3d at 565-66. Rather, such findings need only be supported by a preponderance of the evidence. Additionally, under U.S.S.G. § 1B1.3(a)(1)(A), a defendant's guideline range is determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."

There is no dispute about the actual weight of the drugs involved in this case. Rather, Cedeno argues that the government did not establish that he knew how much the drugs he was transporting weighed.[4] He admitted the interstate transportation of all of the cocaine he was charged with possessing with the intent to distribute. It was therefore appropriate to hold him responsible for that entire amount, even if he did not know the precise weight. The district court found by a preponderance of the evidence that that cocaine weighed eight kilograms, and that quantity triggered the statutory maximum of

---

[3] Booker altered the constitutional impact of the Sentencing Guidelines by excising the provisions of the United States Code requiring mandatory application of the Guidelines. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

[4] The Presentence Report states that the laboratory analysis revealed that the cocaine weighed 8.029 kilograms.

3

ten years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); and U.S.S.G § 5G1.1(c)(2). The guideline term is 120 months. The record also establishes that the court considered the relevant sentencing factors and reasonably applied them in imposing sentence.

### III.

The safety valve provisions in 18 U.S.C. § 3553(f) apply if five specified conditions are met. The fifth condition under § 3553(f) is the only one in dispute here. That condition requires a defendant to truthfully provide all relevant information and evidence pertaining to the offense to the government. 8 U.S.C. § 3553(f)(5). The defendant must show, by a preponderance of the evidence, that he/she complied with that requirement. *See United States v. Sabir*, 117 F.3d 750, 754 (3d Cir. 1997) (citing *United States v. Ramirez*, 94 F.3d 1095, 1100-02 (7th Cir. 1996).[5]

Although Cedeno did file a sentencing memorandum in which he purported to comply with that requirement, the district court questioned the veracity of the information Cedeno provided. The court also found that the information he gave was vague.[6] Although Cedeno requested an additional opportunity to address the court's concerns, the court proceeded to sentence him based upon the information Cedeno's first bite of the

---

[5] We exercise plenary review over interpretation of the safety valve provision as it raises a legal question, but the district court's factual findings with regards to the safety valve conditions are reviewed for clear error. *United States v. Sabir*, 117 F.3d 750, 752 (3d Cir. 1997).

[6] Cedeno claimed he "didn't know how much drugs were there or didn't know who was giving it to him or where it was going." The district court quite naturally concluded that the "information isn't helpful to anybody" as it is "hard to believe that somebody who is transporting cocaine in whatever amount and is going to get $4,000 when he delivers it doesn't know . . . where the person is . . . [or] how . . . he was going to make this delivery[.]" We agree.

4

apple provided.  However, the court nevertheless suggested that the government could file a Rule 35 motion to reduce the sentence if appropriate in view of any subsequent information Cedeno might choose to provide.  That was both reasonable and appropriate.

Although Cedeno claims that the district court erred and misunderstood his request for an additional opportunity to obtain evidence for the government, the record does not support that claim.  Accordingly, we conclude that the district court's finding was not clearly erroneous, and the resulting sentence was reasonable given the court's consideration of the various sentencing factors set forth in § 3553(a).

**IV.**

For all the above reasons, we will affirm the judgment of sentence.